```
UNITED STATES DISTRICT COURT              C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- X
TEODORO VELIZ,                                :
                                              :    MEMORANDUM
                      Petitioner,             :    DECISION AND ORDER
                                              :
         - against -                          :    17-cv-0824 (BMC)
                                              :
ROBERT GRIFFIN,                               :
                      Respondent.             :
-------------------------------------------------- X
```

**COGAN**, District Judge.

      Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d), vacating his sentence of 15 years' custody for first degree manslaughter on the ground that it was excessive under the Eighth Amendment. I cannot reach that question because the Appellate Division's decision properly declined to address the issue on state law grounds. Even if I did consider the issue, petitioner has failed to meet the standard for habeas corpus relief as to excessive sentence claims. The petition is therefore denied.

## BACKGROUND

      The facts are simply stated: Petitioner, who is in this country illegally, and two accomplices beat a man to death with their hands and feet. Petitioner was charged with first degree manslaughter, which carries a 5 to 25 year sentence, and first degree gang assault.

      Before trial, and while represented by counsel, with a Spanish interpreter, petitioner entered into a plea agreement calling for 15 years' custody on the manslaughter charge and dismissal of the assault charge. In allocuting him, the trial court told him: "As part of this plea negotiation, you are going to also agree to waive your right to appeal. Which means this will be a final decision of the Court and there will be no changing your mind and no further appeals."

Petitioner responded "yes" when the court asked if he was "willing to do that." He then admitted that he had punched and kicked the victim with intent to cause serious injury.

After advising him of other rights he would be waiving by his guilty plea, the court returned to the topic of appeal, advising petitioner, "Now I want to talk about that right of appeal that you are giving up . . . [W]e will give you this copy now of the right to appeal that I want you, as part of this plea negotiation, to also give up." The court provided a written waiver of appeal, in Spanish, and gave petitioner and his counsel the opportunity to review it. The court then stated:

> [Y]ou've looked over this waiver of appeal that's done in Spanish and you had an opportunity to discuss it with your attorney[] and I just want to be clear that you realize that by signing this and waiving your rights of appeal on the record, that by pleading guilty and waiving those rights, this case is over with. [Do] you understand that?

Petitioner answered, "yes, sir." He signed the waiver of appeal.

The waiver of appeal form that petitioner reviewed and signed stated that petitioner had been advised of his right to appeal; that he understood that even after a guilty plea, a defendant has the right to appeal unless he waives that right; that his right to appeal included the right to be represented by counsel on appeal, and that an attorney would be provided if he could not afford to hire one; that his guilty plea did not eliminate his right to appeal; that the waiver of an appeal had to be expressly agreed to by the parties; that if he gave up the right to appeal, his sentence and conviction would be final; and that he was waiving his right to appeal with full awareness, knowingly, and voluntarily.[1]

At sentencing, the court imposed the 15-year sentence as called for by the plea agreement.

---

[1] The waiver contained in the record is in Spanish.

About 18 months later, petitioner, through Legal Aid counsel, made a motion to the Appellate Division to reduce his sentence.[2] He sought to avoid the appeal waiver by arguing that the court "did not adequately explain the right to appeal." The Appellate Division held summarily that "[t]he defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive." People v. Veliz, 142 A.D.3d 630, 36 N.Y.S.3d 609 (2d Dep't), leave to app. denied, 28 N.Y.3d 1076 (2016). It thus did not reach his excessive sentence claim.

## DISCUSSION

At the outset, it is important to note that petitioner is not challenging the voluntariness of his guilty plea. Cf. Iris v. Haggat, No. 12-cv-1538, 2015 WL 6737031 (N.D.N.Y. Nov. 3, 2015) (the petitioner claimed that both the guilty plea and appeal waiver were invalid). As he stated to the Appellate Division: "The only issue raised on appeal is the excessiveness of Mr. Veliz's sentence." Nor is he claiming that his counsel was ineffective in advising him of the consequences of his guilty plea in terms of being able to challenge his sentence. Cf. id. at *12-14 (the petitioner claimed that his trial attorney had him waive his right to appeal without his realizing the ramifications of the waiver).

In addition, in seeking to have the Appellate Division determine that his waiver of the right to appeal his sentence was not knowing and voluntary, petitioner's counsel advanced no federal constitutional argument. Counsel cited no provision of the federal Constitution nor any federal cases, nor did the state court cases upon which counsel relied refer to any federal

---

[2] The Rules of Procedure in the Appellate Division, Second Department, provide that

> [w]here the only issue to be raised on appeal concerns the legality, propriety, or excessiveness of sentence, the appeal may be prosecuted by submitting a concise statement setting forth the reasons urged in support of the reversal or modification of sentence. . . . Such appeals may be brought on as though they were motions . . . .

N.Y.C.R.R. § 670.12(c), (c)(1).

3

constitutional provision or federal cases. See Daye v. Attorney General of the State of New York, 696 F.2d 186 (2d Cir. 1982) (en banc). The closest petitioner came to making a federal constitutional argument was to cite People v. Callahan, 80 N.Y.2d 273, 284, 590 N.Y.S.2d 46, 52 (1980), in which the New York Court of Appeals referred to the right of appeal as being "of constitutional dimension," but to support that conclusion, the Court of Appeals only cited to the provision of the New York State Constitution that authorizes appeals to the Appellate Division, N.Y. Const., art. VI, § 4(k).[3]

The absence of an exhausted federal constitutional issue means that I cannot review the decision of the Appellate Division determining that the waiver of appeal was "valid" because that decision was based wholly on New York state law. That was all that was briefed and cited to the Appellate Division. It is well established that federal habeas corpus review does not encompass decisions made under state law. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"); see also Estelle v. McGuire, 502 U.S. 62, 68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Mackenzie v. Portuondo, 208 F. Supp. 2d 302, 322 (E.D.N.Y. 2002).

Even if petitioner had presented a federal constitutional issue as to the waiver of an appeal to challenge his sentence, he could not meet the standard under 28 U.S.C. § 2254. That statute requires petitioner to demonstrate that the state court's decision was "contrary to, or

---

[3] I have considered whether the Appellate Division's upholding of the appeal waiver constitutes a procedural bar under state law. See e.g. Lee v. Kemna, 534 U.S. 362, 375 (2002). It certainly operates that way, i.e., as a threshold finding under state law that prohibits me from reaching the federal constitutional issue. However, I do not see the Appellate Division's decision, encompassing a finding that petitioner knowingly and voluntarily waived his appeal, as procedural; it seems like a substantive ruling. In any event, even if I analyzed the barrier as a procedural bar, the result would be the same. New York law is clear that a challenge to a sentence will not be heard in the presence of a valid appeal waiver, see e.g., People v. Ramos, 7 N.Y.3d 737, 819 N.Y.S.2d 853 (2006), and thus there is an independent and adequate ground under state law for the Appellate Division's decision. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). There is nothing in the record that could suggest cause or prejudice to avoid a procedural bar. See id. at 750.

4

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature," or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000) (internal quotation marks omitted). A state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005).

Yet the Supreme Court has never addressed the requirements of a valid waiver to appeal a sentence, which means that habeas corpus review is not available. See Yarborough v. Alvarado, 541 U.S. 652, 666-68 (2004); Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (circuit authority cannot be the basis of habeas relief). Indeed, under federal law, the need to orally advise a defendant that he is waiving his right to appeal arises only by rule, not constitutional provision. See Fed. R. Crim. P. 11(b)(1)(N).

For its part, the Second Circuit has suggested that while the validity of a waiver as "knowing and voluntary" is similar to the standard for a valid waiver of constitutional rights, the waiver of a right to appeal is not itself constitutional. "Every circuit to consider the issue has concluded that waivers of the right to appeal a sentence, *like* waivers of constitutional rights, are invalid unless they are voluntary and knowing." U.S. v. Ready, 82 F.3d 551, 556 (2d Cir. 1996). (emphasis added). And prior to the amendment of Rule 11 in 1999 to require such advice, a number of federal courts had held that a waiver in a signed plea agreement was a sufficient indicator of voluntariness, even if the court taking the guilty plea made no mention of it. See e.g. United States v. Lo, 839 F.3d 777, 784 n.1 (9th Cir. 2016), noting abrogation by Rule, U.S. v.

5

DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1992) (deciding, under the predecessor of Rule 11, that waiver of appeal in plea agreement could be valid even if the court taking the guilty plea made no reference to it).

Finally, even if I did reach the ultimate issue in the petition – excessive sentence – petitioner would not be entitled to any relief. It is well established that when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised on habeas corpus review. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, petitioner, having killed a man, faced up to 25 years on the count to which he pleaded guilty. He received 15 years pursuant to his plea agreement. Nothing under the United States Constitution prohibits that sentence.

## CONCLUSION

The petition is denied and the case is dismissed. A certificate of appealability shall not issue as the petition presents no substantial questions. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      March 2, 2017